STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MCELROY COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 14-0162**  (BOR Appeal No. 2048545)
                    (Claim No. 2012027931)

**FREDERICK BLIZZARD,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner McElroy Coal Company, by Edward George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 28, 2014, in which the Board affirmed a July 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 14, 2013, decision denying authorization for a left quadriceps-sparing total knee replacement.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 24, 2012, Mr. Blizzard sustained a twisting left knee injury while installing mining cable and the claim was subsequently held compensable for tear of the lateral cartilage or meniscus of the knee and sprain of an unspecified site of the knee or leg. On March 20, 2012, Mr. Blizzard was examined by Michael Rytel, M.D., who diagnosed him with an acute lateral

---

[1] This Court notes that the Orders of the claims administrator, Office of Judges, and Board of Review all contain typographical errors listing the requested procedure as a "left quadriceps-sparring total knee replacement".

1

meniscus tear of the left knee with an aggravation of pre-existing osteoarthritis arising from the February 24, 2012, injury. The claims administrator denied Mr. Blizzard's request for authorization of a left quadriceps-sparing total knee replacement on January 14, 2013.

On January 17, 2013, Dr. Rytel opined that although Mr. Blizzard suffers from pre-existing osteoarthritis in the left knee, the February 24, 2012, injury precipitated the need for a total knee replacement. On January 22, 2013, Dana Mears, M.D., evaluated Mr. Blizzard. She also noted the presence of long-standing degenerative arthritis in the left knee and opined that the February 24, 2012, injury markedly exacerbated the condition, which culminated in the need for a total knee replacement.

In its Order reversing the January 14, 2013, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that the requested total knee replacement constitutes reasonable and necessary medical treatment in relation to the February 24, 2012, injury. McElroy Coal Company disputes this finding and asserts that authorization for the requested total knee replacement should be denied because the need for the procedure arises, in part, from the presence of pre-existing osteoarthritis in the left knee.

The Office of Judges noted that the claims administrator denied Mr. Blizzard's request for authorization of the total knee replacement based on an apparent finding that the need for the procedure arises from non-compensable, pre-existing, degenerative arthritis. The Office of Judges then found that the claims administrator's decision is not supported by the medical evidence of record. The Office of Judges noted that both Dr. Rytel and Dr. Mears opined that the February 24, 2012, injury exacerbated Mr. Blizzard's pre-existing osteoarthritis, which culminated in the need for a total knee replacement. The Office of Judges then concluded that despite the presence of pre-existing osteoarthritis, the evidence of record demonstrates that the February 24, 2012, injury was a significant precipitating factor in the need for the requested left total knee replacement. The Board of Review adopted the reasoning and conclusions of the Office of Judges in its decision of January 28, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II